IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**HARRY HAWKINS, JR.,**

        **Petitioner,**

   v.            CASE NO. 06-3161-RDR

**UNITED STATES PAROLE COMMISSION, et al.,**

        **Respondents.**


### O R D E R

  This matter is before the court on a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by a federal prisoner confined in a Leavenworth, Kansas, detention center operated by the Corrections Corporation of America. The court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.[1]

  Petitioner essentially challenges the validity of his present confinement, and contends his underlying 1986 sentence and three year special parole term have been fully served because the forfeiture of three years of street time in 1995 upon revocation of his parole was illegal. He seeks his release and the termination of

---

[1] Petitioner filed no separate motion under 28 U.S.C. § 1915 for leave to proceed without prepayment of the filing fee. The court grants petitioner leave to proceed in forma pauperis based upon the financial records petitioner provided in his recent habeas action, <u>Hawkins v. United States Parole Commission</u>, 06-3077-RDR.

all further supervision.[2]  Petitioner presented this same claim in a recent habeas action, Hawkins v. United States Parole Commission, Case No. 06-3077-RDR, which the court summarily dismissed as premature to the extent petitioner was challenging his current revocation proceeding, and as duplicative to a 1996 habeas action in which the court considered and rejected petitioner's allegation of error in the 1995 forfeiture of petitioner's street time.  See Hawkins v. United States Parole Commission, Case No. 96-3076-RDR (rejecting petitioner's claim that the United States Parole Commission unlawfully forfeited three years of street time in its 1995 revocation of petitioner's parole).

The court thus finds the instant petition should be dismissed as duplicative to 06-3077-RDR.  See 28 U.S.C. § 2244(a)("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.").

---

[2] Petitioner also seeks the appointment of counsel (Doc. 2 as supplemented by Doc. 3).  The court denies this request.  There is no constitutional right to the appointment of counsel in federal habeas corpus proceedings.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  See Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis, and that petitioner's supplemented motion for appointment of counsel (Doc. 2) is denied.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

DATED:  This 23rd day of June 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge